UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:21-cr-00038-D

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| JEREMY CHAMBERS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CONSENT PRELIMINARY ORDER OF FORFEITURE

WHEREAS, the above-named defendant has pleaded guilty pursuant to a written plea agreement to Count One of the Information, charging the defendant with an offense in violation of 18 U.S.C. § 371;

AND WHEREAS, the defendant consents to the terms of this Order and to the forfeiture of the property that is the subject of this Order of Forfeiture, stipulates and agrees that he personally obtained at least $3,700 in proceeds from the offense, and further agrees that he made the proceeds unavailable as a result of his acts or omissions and one or more of the conditions to forfeit substitute assets exists, as set forth in 21 U.S.C. § 853(p);

AND WHEREAS, the defendant knowingly and expressly agrees to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2(b)(1), 32.2(b)(4), and 43(a), including waiver of any defect respecting notice of the forfeiture in the charging instrument or the plea colloquy; waiver of the right to a hearing to present additional evidence respecting the forfeitability of any specific property or the amount of any forfeiture money judgment; waiver of the right to be present during any judicial proceeding respecting the forfeiture

of the property that is the subject of this Order of Forfeiture or to receive further notice of the same; waiver of any defect respecting the announcement of the forfeiture at sentencing; and waiver of any defect respecting the inclusion of the forfeiture in the Court's judgment;

AND WHEREAS, the defendant knowingly and expressly agrees that the provisions of this Consent Preliminary Order of Forfeiture are intended to, and shall, survive the defendant's death, notwithstanding the abatement of any underlying criminal conviction after the entry of this Order; that the forfeitability of any particular property identified herein shall be determined as if defendant had survived; and that such determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full;

NOW, THEREFORE, based upon the Plea Agreement, the stipulations of the parties, and all of the evidence of record in this case, the Court finds as fact and concludes as a matter of law that there is a nexus between each item of property listed below and the offense to which the defendant has pleaded guilty, and that the defendant has or had an interest in the property to be forfeited,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The following property is forfeited to the United States pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c)): a sum of money in the amount of $3,700, representing the gross proceeds personally obtained by the defendant as a result of the offenses to which he has pled guilty; and an amount for which the defendant shall be solely liable and in satisfaction of which the United States may forfeit substitute assets pursuant to 21 U.S.C. § 853(p), incorporated by reference in 28 U.S.C. § 2461(c).

2. Pursuant to Rules 32.2(b)(3) and 32.2(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States is authorized to conduct any discovery pursuant to the applicable Federal Rules of Civil Procedure needed to identify, locate, or dispose of the above-referenced property, or other substitute assets, including depositions, interrogatories, requests for production of documents and for admission, and the issuance of subpoenas.

3. To the extent this Order constitutes a personal forfeiture money judgment against the defendant, the United States is not required to send or publish notice of the same, as there is no specific property to be forfeited. However, this Order may be recorded in the records of the Clerk of Court in any county in which the defendant resides or has either real or personal property as a lien thereon. Pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States may move to amend this Order at any time to forfeit other property in which the defendant has an interest, whether directly forfeitable or substitute assets, to satisfy this forfeiture money judgment in whole or in part; provided that the net proceeds of any forfeited assets shall be credited toward satisfaction of the judgment upon liquidation.

4. Upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is directed to incorporate a reference to this Order of Forfeiture in the applicable section of the Judgment, as required by Federal Rule of Criminal Procedure 32.2(b)(4)(B). In accordance with Federal Rule of Criminal Procedure 32.2(b)(4)(A), with the defendant's consent, this Order shall be final as to the defendant upon entry.

5. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

SO ORDERED, this the  6  day of  August , 2021.

_____
JAMES C. DEVER III
United States District Judge

WE ASK FOR THIS:

COREY R. AMUNDSON
Chief, Public Integrity Section

BY: _____
Lauren E. Britsch
Rebecca M. Schuman
Trial Attorneys
Public Integrity Section
Criminal Division
U.S. Department of Justice

_____
Jeremy Chambers
Defendant

_____
Lawrence J. Cameron
Attorney for the Defendant

4